SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EMIGRANT FUNDING CORPORATION,

Plaintiff,

Index no. 16111/2009

Verified Answer.

against

PERSIO A. NUNEZ, et al.

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The Defendant, PERSIO NUNEZ, by his attorney, RICHARD BORDA, Esq., in answer

to the complaint alleges as follows:

1.   The Defendant denies paragraph "5" opf the Complaint and affirms that the premises is

mixed use for both commercial and residential and Defendant, PERSIO NUNEZ, is and

has currently resided at the subject premises.

2.   The Defendant denies paragaph "9" of the Complaint

3.   The Defendant denies knowledge or insufficient to form a belief as to paragraphs "10",

"15,"

## *AS AND FOR A FIRST AFFIRMATIVE DEFENSE*

4.   The Plaintiff and/or its agents have failed to comply with the mandatory requirement of

notice pursuant to S. 1304 of the RPAPL as the subject property is the primary residence

of the Defendant.

## *AS AND FOR A SECOND AFFIRMATIVE DEFENSE*

5.    The Plaintiff and/or its agents have failed to provide the Defendant with the initial

disclosures regarding the mortgage required by law, to wit, good faith estimate, etc.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6.    The Plaintiff and/or its agents have failed to provide the Defendant at closing with a

HUD statement, a copy of closing documents including but not limited to the Note and

Mortgage and Truth in Lending statement as well as any other document required to be

given.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7.    Defendant in the within action resides at and is the sole title owner of 99-11 37th Ave.

Corona, Queens, NY. and brings this action to have an accounting of the proceeds of

loan.

8.    In or about June 26th, 2006, Defendant, re-financed his residence and home at the above

mentioned location.

9.    AT the time of the mortgage loan the Defendant was not represented by an attorney and

was not given any closing papers.

10.    Defendant to this date has not received an accounting of a mortgage loan in the sum of

$500,000 except for the sum of $167,000.

11.    In substance, the Defendant was lent the sum of $500,000 payable over 30 years with the

monthly payments of $5,700.00.

12.    At the closing the Defendant received no funds from the loan transaction as everything

was held in escrow.

13.    At the time there was a mortgage for approximately $150,000 which sum was not paid

from the proceeds of the loan but was paid separately by the Defendant.

14. At the closing the Bank withheld the sum of $75,000 in escrow as more fully set forth in the attached copy of Escrow Agreement marked "Exhibit A."

15. It is unclear as to what amounts if any the Bank has given to the Defendant in exchange for the Bond and Mortgage that was given to the Bank.

16. At the closing the Defendant never received a HUD closing statement.

17. Despite repeated request for a copy of the Hud Statement the Bank has failed and refused to produce same.

18. Despite repeated requests the Bank has failed to account for the $75,000 that was given to the Bank at closing and being held in escrow by the Bank.

19. Notwithstanding that the Bank has failed to lend the full sum of the loan, the Bank has charged interest on the full amount even though the Defendant has not received same and has threatened foreclosure on the full amount of the loan, that is, $500,000.

20. At the closing the Bank was represented by the law firm, the Pannun Law firm hereinafter referred to as the "Law Firm" located at 75-20 Astoria Blvd. Jackson Heights., New York.

*REASONABLE BASIS TO BELIEVE PANNUN & OBTAINED LOAN FOR NUNEZ, PROBABLY REPRESENTED NUNEZ IN TRANSACIBTN + OBTAINED SERVICES OF BRODA TO REPRESENT NUNEZ*

21. At the closing the Plaintiff was not given a copy of the closing statement, the HUD-1 statement, or a copy of the closing documents, including but not limited to the Truth in Lending statement.

22. The Bank who was represented by the Law Firm is now threatening to charge 24% on the unpaid monthly installments and the Plaintiff is not able to determine what his contractual rights are under the mortgage and note without these documents, all of which violates the Truth in Lending Act.

23. Despite repeated requests for the above mentioned documents the Law Firm, as agent of

*�OTE: BELIEVE THAT NO ATTORNEY FOR NUNEZ AT CLOSING. ONLY A PARALEGAL*

the Bank, has failed to provide them to the Defendant.

24.     The First American Title Insurance Company of New York was and is a duly licensed to
do business pursuant to the laws of the State of New York

25.     At the closing the June 29, 2009 United Title Insurance Company issued the title
insurance policy for the transaction on behalf of the Bank, which title company was taken
over by the , First American Title Insurance Company, hereinafter called the "Title
Company." and is the successor to the United Title Insurance Company.

26.     It is still not known by the Defendant as to what amount was held in escrow by the Title
Company since the only copy of the Escrow Agreement, Exibit B, is incomplete and not
signed..

27.     At the time of the closing Defendant received none of the funds that he was supposed to
receive from this mortgage loan except for the following accountable sums:

    a.      $150,000 from the title company after a satisfaction of mortgage was produced by
    the Defendant.

    b.      The Title Company also gave the Defendant the sum of $17,000 this year.

28.     The Defendant on numerous occasions has tried to get an accounting from the Title
Company despite many such requests.

29.     On numerous occasions Defendant, his attorney and agents have tried to get an
accounting of these funds without any clarification at all.

30.     Defendant is being threatened by the Bank with foreclosure grounded in a default interest
rate of almost 24%.

31.     Because the Defendant has no documentation whatsoever he is not able to protect himself
or able to determine what happened to the loan amounts.

32.    The Defendant City Abstract LLC was the title company that were the agents of the Title company, which Defendant is hereinafter referred to as the Abstract Company and they collected the escrow monies and were empowered to pay off any taxes or liens that may have existed at the time of closing.

## *AS AND FOR A FIFTH AFFIRMATIVE DEFENSE*

33.    The Plaintiffs have failed to comply with S. 595 of the Banking law in that they failed to disburse funds in accordance with the written commitment or agreement to make a mortgage loan, making false promises to influence or pursue or induce an applicant for a mortgage loan or mortgagor to take a loan, failure to account for the funds to be given to the borrower at the closing.

WHEREFORE, it is respectfully requested that the complaint be dismissed together with the costs and disbursements of this action.

RICHARD BORDA, Esq.

RICHARD BORDA, Esq.
1805 Fifth Ave.
Bay Shore, NY 11706
631 435 0781
Fax 631 435 0781

To:
BRIAN GOLDBERG, Esq.
79-37 Myrtle Ave.
Glendale, NY 11385
718 417 1700
Your file no. EM-434